**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| In re:<br><br>THOMAS J. QUINLAN<br><br>Debtor | )<br>)<br>)<br>)<br>)<br>)<br>) | Chapter 13<br>Case No. 10-46030-MSH |
| THOMAS J. QUINLAN<br>DENISE QUINLAN<br><br>Plaintiffs<br><br>v.<br><br>FEDERAL HOME LOAN MORTGAGE<br>CORPORATION, CITIMORTGAGE,<br>INC., TITANIUM SOLUTIONS, INC.,<br>HARMON LAW OFFICES<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Adversary Proceeding<br>No. 10-4181 |

ORDER APPROVING SETTLEMENT

At Worcester in said district this 24th day of October, 2011.

Before me is the Joint Motion for Approval of Settlement Agreement Pursuant to Fed. R. Bank. P. 9019 among Thomas J. Quinlan, Denise Quinlan, CitiMortgage, Inc. ("Citi"), and Federal Home Loan Mortgage Corporation (Freddie").

This litigation is a microcosm of a drama being played out repeatedly across the country as consumer borrowers and the holders of their mortgages sort through the ruins of the residential real estate collapse. The allegations asserted by the Quinlans in their complaint are strikingly similar to

1

those presented by an increasing number of debtors. While many aspects of the Quinlans' story are denied by the defendants, Freddie and Citi, and as a result of the settlement will never by determined by a finder of fact, they are worth recounting in order to add perspective to the terms of the settlement and more importantly to illustrate that these seemingly intractable disputes can be resolved.

The Quinlans recount the following tale. They refinanced their home mortgage loan in 2004 but began experiencing financial distress a few years later and fell behind in their mortgage payments. In 2009 they received notice of foreclosure from Citi, an institution different from the one with whom they had refinanced in 2004. The Quinlans contacted Citi to discuss a loan workout or modification. Citi supplied them with a loan modification package. What ensued was the all-too-familiar saga of frustration and miscommunication with Citi claiming that supporting documents either had never been submitted or were outdated and needed to be resubmitted and the Quinlans claiming that Citi kept losing their documents generating seemingly endless requests for the same documents.

In early 2010 the Quinlans received notice that Citi intended to conduct a foreclosure sale of their home on April 19, 2010. The Quinlans say they contacted Citi and were told the foreclosure would be postponed as their modification application was still in process. Nevertheless, the foreclosure took place on April 19, 2010. Freddie purchased the property at the sale. Discussions continued and the Quinlans say they were told by various representatives of Citi alternately (a) that their loan modification application was going to be approved and that the foreclosure sale had been in error and (b) that their application had been rejected and the foreclosure was proper.

2

With the Quinlans' efforts to persuade Citi to undo the foreclosure and reinstate the loan modification process going nowhere, Mr. Quinlan filed a voluntary Chapter 13 bankruptcy petition and thereafter he and his wife instituted this adversary proceeding alleging wrongful foreclosure, breach of contract and violation of the Massachusetts consumer protection statute, MASS. GEN. LAWS ch 93A. This caused Citi and Freddie to re-engage with the Quinlans as a result of which the parties reached the settlement which is the subject of the joint motion.

By the terms of the settlement (i) Citi and Freddie have agreed to the entry of an order voiding and setting aside the foreclosure of the Quinlans' home; (ii) the Quinlans' have agreed to reaffirm and restate the terms of their original loan (as well as a second loan) with Citi; (iii) the Quinlans have agreed to make a lump sum payment to Citi of $45,260.59 to bring their loan current; (iv) Mr. Quinlan has agreed to amend his Chapter 13 plan to provide for payment of the loans going forward; and (v) the parties have agreed to dismissal of this adversary proceeding with prejudice.

There having been no objections to the joint motion for approval of settlement and it appearing that the settlement is reasonable and in the best interests of the debtor and his estate, the joint motion is hereby ALLOWED.

By the Court,

Melvin S. Hoffman
U.S. Bankruptcy Judge

3